IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION



| | |
|---|---|
| AGILIS BENEFIT SERVICES LLC, <br> DALE K. EDWARDS, <br> H. DAVID WRIGHT and <br> ADELENE V. PIPER, <br><br> Plaintiffs, <br><br> v. <br><br> TRAVELERS CASUALTY AND SURETY <br> COMPANY OF AMERICA, <br><br> Defendant. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 508CV1 213 |

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW, Plaintiffs Agilis Benefit Services LLC, Dale K. Edwards, H. David Wright and Adelene V. Piper (collectively, "Plaintiffs"), and file this Complaint against Defendant Travelers Casualty and Surety Company of America and would respectfully show the Court, as follows:

### I.

### PARTIES

1. Plaintiff Agilis Benefits Services LLC ("Agilis") is a business formed and existing under the laws of the state of Delaware. Agilis has, and had at all times relevant to this Complaint, a principal place of business in Denton County, Texas.

2. Plaintiff Dale K. Edwards ("Edwards") is an individual domiciled in the United States Virgin Islands.

3.  Plaintiff H. David Wright ("Wright") is an individual domiciled in the State of Texas.

4.  Plaintiff Adelene V. Piper ("Piper") is an individual domiciled in the United States Virgin Islands.

5.  Defendant Travelers Casualty and Surety Company of America ("Defendant" or "Travelers") is a corporation formed and existing under the laws of the State of Connecticut, with its principal place of business located in Connecticut. Travelers may be served through its registered agent, CT Corporation System, 701 Brazos Street, Suite 1050, Austin, Texas 78701-3232.

## II.

## JURISDICTION

6.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

7.  This Court has personal jurisdiction over the defendant, which engages in continuous and systematic activity in the State of Texas and purposefully availed itself of this Court's jurisdiction by selling insurance, including the insurance policy at issue in this case, to Texas residents.

## III.

## VENUE

8.  Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(a), as a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## IV.

## FACTUAL BACKGROUND

9. Plaintiff Agilis is an insurance broker. Agilis is part of a group of affiliated companies that licenses to companies certain proprietary and patent-pending products developed by Agilis and affiliated companies, which products allow the licensees to provide benefit plans to key executives. The licenses are sold to clients who are separately and independently represented by qualified advisors, such as attorneys or accountants, and sold through independent financial planners who provide financial planning services to the companies or executives.

10. Plaintiffs Edwards, Wright and Piper are, and were at all times relevant to this Complaint, directors and officers of Agilis.

11. Defendant Travelers issued Private Company Directors and Officers Liability Policy No. 104468715 (the "Policy") to Agilis. The Policy was effective April 18, 2006, through April 18, 2008.

12. Agilis is the "Insured Organization" as that term is used in the Policy.

13. As directors and officers of Agilis, Edwards, Wright and Piper are "Insured Persons" under the Policy.

14. The Policy obligates Travelers to pay, on behalf of "Insured Persons, "Loss" resulting from "Claims" first made during the policy period against "Insured Persons" for "Wrongful Acts."

15. The Policy also obligates Travelers to pay, on behalf of Agilis, both: (i) "Loss" resulting from "Claims" first made during the policy period against Agilis for "Wrongful Acts," and (ii) "Loss" from "Claims" first made during the policy period against "Insured Persons" for "Wrongful Acts" for which Agilis indemnifies the "Insured Persons."

16.     The Policy defines "Loss" to include "Defense Expenses," which in turn are defined to include "reasonable and necessary legal fees and expenses incurred in the investigation, defense, settlement and appeal of a Claim."

17.     The Policy defines the term "Claim" to include a "written demand for monetary or non-monetary relief" or a "formal administrative or regulatory proceeding . . . commenced by the filing of a notice of charges, formal investigative order or similar document" against an "Insured" for a "Wrongful Act".

18.     The Policy defines the term "Wrongful Act" to include "any actual or alleged act, error, omission, misstatement, misleading statement or breach of duty . . . by an Insured Person in his or her capacity as a director or officer of the Insured Organization."

19.     The Policy includes an exclusion titled "Broad General Professional Errors and Omissions Exclusion" ("the Professional Services Exclusion").  That exclusion states that Travelers is not liable for "Loss", including "Defense Expenses", "resulting from any Claim made against any Insured based upon, alleging, arising out of, directly or indirectly resulting from, or in any way relating to any actual alleged act, error or omission by an Insured with respect to the rendering of, or failure to render professional services for any party."

20.     On July 18, 2007, Agilis was served with a federal document subpoena issued by an Assistant United States Attorney for the District of South Carolina pursuant to a federal grand jury investigation.  The subpoena required Agilis to produce its financial, banking, loan and customer records.

21.     The same day, the Criminal Investigation Division of the Internal Revenue Service ("IRS") issued and executed search warrants at the United States Virgin Islands offices

of Agilis and two other entities and, subsequently, at safety deposit and lock boxes under the control of Edwards, Wright and Piper.

22. The applications for the search warrants stated that the search warrants sought evidence concerning violations of 26 U.S.C. § 7201, 26 U.S.C. § 7212 and 18 U.S.C. § 371.

23. 26 U.S.C. § 7201 imposes criminal penalties on anyone who willfully attempts, "in any manner", to evade or defeat any tax imposed by the Internal Revenue Code.

24. 26 U.S.C. § 7212, sometimes referred to as the "omnibus clause", imposes criminal penalties on anyone who in any way "corruptly . . . obstructs or impedes, or endeavors to obstruct or impede the due administration of" the Internal Revenue Code.

25. 26 U.S.C. § 371 imposes criminal penalties on anyone who conspires to commit any offense against the United States or to defraud any federal agency.

26. The search warrants identified Agilis, Edwards, Wright and Piper as "persons of interest" and authorized the seizure of a broad range of documents concerning them.

27. Edwards, Wright and Piper promptly retained counsel to defend themselves against the government investigation.

28. Edwards, Wright and Piper promptly notified Travelers of both the government investigation and their retention of counsel.

29. Edwards, Wright and Piper have incurred attorneys' fees and costs of over $1 million in defending themselves against the Investigation.

30. Agilis has indemnified Edwards, Wright and Piper for the attorneys' fees and costs incurred by them in defending themselves against the government investigation.

31. The attorneys' fees and costs incurred by Edwards, Wright and Piper in defending themselves against the government investigation are a covered "Loss" under the Policy.

32. Agilis has complied fully with all requests by Travelers for information concerning the government investigation.

33. Travelers wrongly has refused to pay any of the attorneys' fees and costs incurred by Edwards, Wright and Piper in defending themselves against the government investigation.

34. The grounds for Travelers' denial of coverage have changed over time.

35. Travelers initially denied coverage on the ground that the government investigation did not constitute a "claim" as that term is defined by the Policy.

36. Travelers then stated that it would, subject to a reservation of its rights, treat the government investigation as a "claim." Travelers, however, continued to deny coverage for the attorneys' fees and costs incurred by Edwards, Wright and Piper in defending themselves, this time on the ground that coverage was barred by the Professional Services Exclusion and a Partnership and Joint Venture exclusion.

37. In August 2008, after several letters had been exchanged between Agilis and Travelers regarding Travelers' denials of coverage, Agilis made a final demand on Travelers for payment of the attorneys' fees and costs incurred by Edwards, Wright and Piper in defending themselves against the government investigation.

38. In November 2008, Travelers responded that it would continue to deny coverage for the attorneys' fees and costs incurred by Edwards, Wright and Piper in defending themselves against the government investigation. Travelers relied only on the Professional Services Exclusion in denying coverage.

39. The Professional Services Exclusion does not bar coverage for the attorneys' fees and costs incurred by Edwards, Wright and Piper in defending themselves against the government investigation.

40. Because Agilis was forced to pay out of its own pocket the attorneys' fees and costs incurred by Edwards, Wright and Piper in defending themselves against the government investigation, Agilis was forced to cut back on certain lines of business and operations, with a resulting loss of revenue.

41. As a consequence of Travelers' improper conduct set forth above, Plaintiffs assert the following causes of action:

## V.

## CAUSES OF ACTION
## COUNT ONE: BREACH OF CONTRACT

42. Plaintiffs incorporate and reallege in full, paragraphs 1 through 41 of the Complaint.

43. Travelers' failure to timely and reasonably pay for the attorneys' fees and costs incurred by Edwards, Wright and Piper in defending themselves against the government investigation constitutes a breach of Travelers' contractual obligations to Plaintiffs as set forth in the Policy. Further, the aforementioned breach has proximately caused Plaintiffs to suffer damages within the jurisdictional limits of this Court, for which they seek recovery by this action.

44. Plaintiffs seek damages for the attorneys' fees and costs incurred by them in defending the government investigation, up to the $1 million limit; for all consequential damages suffered by them as a result of Travelers' breach of its duty to defend, including but not limited to revenue that was lost because Agilis was forced to cut back its operations so that it could pay the attorneys' fees and costs that should have been paid by Travelers; interest on the losses; and attorneys' fees and costs necessary for the prosecution of this action.

45. All conditions precedent to recovery have been satisfied.

## COUNT TWO: FAILURE TO PROMPTLY PAY CLAIM
## IN VIOLATION OF CHAPTER 542 OF THE TEXAS INSURANCE CODE

46. Plaintiffs incorporate and reallege in full, paragraphs 1 through 45 of the Complaint.

47. As set forth more fully above, Edwards, Wright and Piper promptly gave notice of the government investigation to Travelers, and the attorneys' fees and costs incurred by Edwards, Wright and Piper in defending themselves against the government investigation are covered under the Policy.

48. Agilis, which has indemnified Edwards, Wright and Piper for the attorneys' fees and costs incurred by them in defending themselves against the government investigation, repeatedly has requested that Travelers pay the attorneys' fees and costs incurred by Edwards, Wright and Piper in defending the government investigation.

49. Travelers wrongly refused to pay the attorneys' fees and costs incurred by Edwards, Wright and Piper in defending themselves against the government investigation after receiving notice of the investigation and despite Agilis's repeated requests for payment of those fees and costs.

50. Travelers has violated Texas Insurance Code Chapter 542 by refusing to pay the attorneys' fees and costs incurred by Edwards, Wright and Piper in defending themselves against the government investigation.

51. Travelers' violation of Chapter 542 of the Texas Insurance Code is a producing cause of the described injuries to Plaintiffs for which they seek recovery by this action. Furthermore, Plaintiffs are entitled to statutory damages for the full amount of the claim under the Policy, plus 18% per annum beginning on the date of Travelers' wrongful denial of coverage as set forth in Section 542.060 of the Texas Insurance Code.

## COUNT THREE: UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN VIOLATION OF CHAPTER 541 OF THE TEXAS INSURANCE CODE

52. Plaintiffs incorporate and reallege in full, paragraphs 1 through 51 of the Complaint.

53. Agilis, Edwards, Wright and Piper are all "persons" as defined by Texas Insurance Code Chapter 541.

54. Travelers engaged in unfair settlement practices, as defined in Section 541.061 of the Texas Insurance Code, which include, but are not limited to the following:

   a) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' losses and damages once Travelers' liability and obligation became reasonably clear;

   b) Failing to promptly provide a reasonable explanation of Travelers' basis for the denial of Plaintiffs' claims for loss and damages; and

   c) Failing to timely and properly investigate Plaintiffs' claims for payment under the Policy.

55. By its acts and/or omissions, Travelers has engaged in unfair and/or deceptive settlement practices that are a producing cause of the above described injuries to Plaintiffs for which they seek recovery by this action. Furthermore, said acts and/or omissions were perpetrated knowingly by Travelers and with an actual awareness by Travelers of the falsity, unfairness or deception of its settlement practices. Consequently, Plaintiffs are further entitled to additional damages of up to three times the sum of their actual damages suffered, for which they seek recovery by this action.

## COUNT FOUR: ATTORNEYS' FEES

56. Plaintiffs incorporate and reallege in full, paragraphs 1 through 54 of the Complaint.

57. As a result of Travelers' breach of contract and its violations of the Texas Insurance Code as described more fully above, Plaintiffs have been forced to retain the undersigned counsel to prosecute these claims and enforce their rights. Pursuant to Section 38.001(8) of the Texas Civil Practice and Remedies Code, and Chapters 541 and 542 of the Texas Insurance Code, Plaintiffs are entitled to recover their reasonable and necessary attorneys' fees and costs incurred in the prosecution of this cause of action.

## VI.

## JURY DEMAND

58. Plaintiffs demand a trial by jury and have submitted the requisite jury fee.

## VII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Agilis Benefits Services LLC, Dale K. Edwards, H. David Wright and Adelene V. Piper requests that defendant Travelers Casualty and Surety Company of America be cited to appear and answer, and then on final trial hereof, Plaintiffs have the following relief:

1. Actual damages sustained by Plaintiffs, including but not limited to the attorneys' fees and costs incurred by Edwards, Wright and Piper in defending themselves against the government investigation and revenue lost by Agilis because it was required to cut back on certain lines of business and operations in order to pay those attorneys' fees and costs;

2. Treble damages as provided by Chapter 541 of the Texas Insurance Code;

3. Statutory interest in the amount of 18% per annum as provided by Chapter 542 of the Texas Insurance Code;

4. Prejudgment and post-judgment interest as provided by law;

5.  Costs of suit;

6.  Attorneys' fees incurred in prosecuting this action; and

7.  All such other relief to which they may be justly entitled in law and/or in equity.

    Respectfully submitted,

    **BELLINGER & DeWOLF, L.L.P.**

By: _/s/ Todd Hixon_

Todd R. Hixon
State Bar No. 00797918
10,000 N. Central Expressway, Suite 900
Dallas, Texas 75231
(214) 954-9540 – Telephone
(214) 954-9541 – Facsimile
thixon@bd-law.com – Email

and

**LYNCH, BREWER, HOFFMAN & FINK LLP**
Steven L. Schreckinger (BBO #447100)
Anne Robbins (BBO #561968)
Lynch, Brewer, Hoffman & Fink, LLP
101 Federal Street, 22nd floor
Boston, Massachusetts 02110
(617) 951-0800 – Telephone
(617) 951-0811 – Facsimile

**ATTORNEYS FOR AGILIS BENEFITS SERVICES LLC, DALE K. EDWARDS, H. DAVID WRIGHT AND ADELENE V. PIPER**