IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| AGILIS BENEFIT SERVICES LLC, <br> DALE K. EDWARDS, <br> H. DAVID WRIGHT and <br> ADELENE V. PIPER, <br><br>     Plaintiffs, <br><br> v. <br><br> TRAVELERS CASUALTY AND SURETY <br> COMPANY OF AMERICA, <br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 508 CV 213 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
## TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

Defendant, Travelers Casualty and Surety Company of America ("Travelers"), by and through its attorneys, Boundas, Skarzynski, Walsh & Black, LLC and Patton, Tidwell & Schroeder, LLP submits this Answer and Affirmative Defenses to Plaintiffs' Original Complaint filed by Agilis Benefits Services LLC ("Agilis"), Dale K. Edwards ("Edwards"), H. David Wright ("Wright") and Adelene V. Piper ("Piper"), and states as follows:

### I.

### PARTIES

1. Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 1.

2. Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 2.

3. Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 3.

4. Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 4.

5. Travelers admits the averments in Paragraph 5.

## II.

## JURISDICTION

6. Paragraph 6 alleges legal conclusions to which no response is required but, to the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6.

7. Travelers admits that the Court has personal jurisdiction over it in this case. Travelers states that the remainder of Paragraph 7 alleges legal conclusions to which no response is required, but to the extent a response is required, Travelers denies all remaining averments in Paragraph 7.

## III.

## VENUE

8. Paragraph 8 alleges legal conclusions to which no response is required but, to the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8.

## IV.

## FACTUAL BACKGROUND

9. Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 9.

10. Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 10.

11. Travelers admits that it issued the Policy to Agilis. Travelers states that the Policy Period was 12:01 a.m. standard time April 18, 2006 until 12:01 a.m. standard time April 18, 2008. Travelers avers that the Policy speaks for itself and denies any averment in Paragraph 11 that is inconsistent with the express terms of the Policy. Travelers denies all remaining averments in Paragraph 11.

12. Travelers admits the averments in Paragraph 12.

13. Travelers admits that the Policy defines "Insured Persons" to include duly elected or appointed directors and officers of the "Insured Organization." Travelers avers that the Policy speaks for itself and denies any averment in Paragraph 13 that is inconsistent with the express terms of the Policy. Travelers is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 13.

14. Travelers avers that the Policy speaks for itself and denies any averment in Paragraph 14 that is inconsistent with the express terms of the Policy.

15. Travelers avers that the Policy speaks for itself and denies any averment in Paragraph 15 that is inconsistent with the express terms of the Policy.

16. Travelers admits that the policy defines "Loss" to include "Defense Expenses." Travelers also admits that "Defense Expenses" are defined to include "reasonable and necessary legal fees and expenses incurred in the investigation, defense, settlement and appeal of a Claim." Travelers avers that the Policy speaks for itself and denies any averment in Paragraph 16 that is inconsistent with the express terms of the Policy. Travelers denies all remaining averments in Paragraph 16.

17. Travelers admits that Paragraph 17 accurately quotes a portion of the definition of "Claim" as defined in the Policy. Travelers avers that the Policy speaks for itself and denies any averment in Paragraph 17 that is inconsistent with the express terms of the Policy. Travelers denies all remaining averments in Paragraph 17.

18. Travelers admits that Paragraph 18 accurately quotes a small portion of the definition of "Wrongful Act" as defined in the Policy. Travelers avers that the Policy speaks for itself and denies any averment in Paragraph 18 that is inconsistent with the express terms of the Policy. Travelers denies all remaining averments in Paragraph 18.

19. Travelers admits that the Policy includes an exclusion entitled "Broad General Professional Errors and Omissions Exclusion." Travelers admits that certain portions of the Professional Services Exclusion are quoted accurately in Paragraph 19. Travelers avers that the Policy speaks for itself and denies any averment in Paragraph 19 that is inconsistent with the express terms of the Policy. Travelers denies all remaining averments in Paragraph 19.

20. Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 20. Travelers avers that the federal document subpoena speaks for itself and denies any averments inconsistent with the subpoena.

21. Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 21.

22. Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 21. Travelers avers that the applications for the search warrants speak for themselves and denies any averments in Paragraph 22 that are inconsistent with the applications.

23. Paragraph 23 alleges legal conclusions to which no response is required, but to the extent a response is required, Travelers denies the averments in Paragraph 23.

24. Paragraph 24 alleges legal conclusions to which no response is required, but to the extent a response is required, Travelers denies the averments in Paragraph 24.

25. Travelers states that Plaintiffs incorrectly refer to 26 U.S.C. §371. Paragraph 25 alleges legal conclusions to which no response is required, but to the extent a response is required, Travelers denies the averments in Paragraph 25.

26. Travelers admits that the Application and Affidavit for Search Warrant identified Agilis, Edwards, Wright and Piper as "parties of interest." Travelers avers that the search warrants speak for themselves and denies any averments inconsistent with the search warrants. Travelers denies all remaining averments in Paragraph 26.

27. Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 27.

28. Travelers admits that it was notified of the government investigation and that Edwards, Wright and Piper retained counsel. Travelers denies all remaining averments in Paragraph 28.

29. Travelers is without knowledge or sufficient to form a belief as to the truth of the averments in Paragraph 29.

30. Travelers is without knowledge or sufficient to form a belief as to the truth of the averments in Paragraph 30.

31. Travelers denies all averments in Paragraph 31.

32. Travelers denies all averments in Paragraph 32.

33. Travelers states that it has received neither the invoices reflecting the attorneys' fees and costs incurred by Edwards, Wright and Piper nor any specifics about those fees and costs. Travelers admits it has not paid attorneys' fees and costs incurred by Edwards, Wright and Piper. Travelers denies all remaining averments in Paragraph 33.

34. Travelers denies all averments in Paragraph 34.

35. Travelers states that it has not been provided with the government's Affidavit for Search Warrant that was purportedly attached to the Search Warrant served on Agilis. Travelers has received a copy of the Affidavit for Search Warrant attached to the Search Warrant served on the law firm of O'Connor, Kachmarsky & Taylor ("OK&T Affidavit"). Travelers admits that before it received a copy of the OK&T Affidavit, it took the position that a Claim had not been asserted against an Insured. Travelers denies all remaining averments in Paragraph 35.

36. Travelers admits that after having received the subpoena served on Agilis and the OK&T Affidavit, it did not decline coverage for Agilis on the grounds that a Claim had not been asserted against Agilis. Travelers admits it contends that coverage is barred by the terms of the Professional Services Exclusion. Travelers denies all remaining averments in Paragraph 36.

37. Travelers admits that Agilis has demanded payment of attorneys' fees and costs incurred by Edwards, Wright and Piper. Travelers avers that the letters speak for themselves and denies any averments in Paragraph 37 that are inconsistent with the letters. Travelers denies all remaining averments in Paragraph 37.

38. Travelers admits that it declined coverage for the attorneys' fees and costs incurred by Edwards, Wright and Piper pursuant to the terms of the Professional Services Exclusion. Travelers avers that its November 2008 response speaks for itself and denies any

averments in Paragraph 38 that are inconsistent with that response. Travelers denies all remaining averments in Paragraph 38.

39. Travelers denies all averments in Paragraph 39.

40. Traveler is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 40.

41. Travelers denies all averments in Paragraph 41.

**V.**

**CAUSES OF ACTION**
**COUNT ONE: BREACH OF CONTRACT**

42. Travelers incorporates and realleges in full its answers and objections to Paragraphs 1 through 41 of the Complaint.

43. Travelers denies all averments in Paragraph 43.

44. Travelers admits that Plaintiffs seek payment of attorneys' fees and costs incurred by them. Travelers denies Plaintiffs have suffered any damages and further denies all remaining averments in Paragraph 44.

45. Travelers denies all averments in Paragraph 45.

**COUNT TWO: FAILURE TO PROMPTLY PAY CLAIM**
**IN VIOLATION OF CHAPTER 542 OF THE TEXAS INSURANCE CODE**

46. Travelers incorporates and realleges in full its answers and objections to Paragraphs 1 through 45 of the Complaint.

47. Travelers admits that Plaintiffs allege that Edwards, Wright and Piper promptly gave notice of the government investigation to Travelers. Travelers states that Paragraph 47 alleges legal conclusions to which no response is required but, to the extent a response a required, Travelers denies all remaining averments in Paragraph 47.

48. Travelers admits that Agilis has requested that Travelers pay the attorneys' fees and costs incurred by Edwards, Wright and Piper. Travelers denies all remaining averments in Paragraph 48.

49. Travelers admits that it received notice of the government investigation and that Agilis has requested payment of fees and costs incurred by Edwards, Wright and Piper. Travelers denies all remaining averments in Paragraph 49.

50. Travelers denies all averments in Paragraph 50.

51. Paragraph 51 alleges legal conclusions to which no response is required, but to the extent a response is required, Travelers denies the averments in Paragraph 51.

**COUNT THREE: UNFAIR OR DECEPTIVE ACTS OR PRACTICES
IN VIOLATION OF CHAPTER 541 OF THE TEXAS INSURANCE CODE**

52. Travelers incorporates and realleges in full its answers and objections to Paragraphs 1 through 51 of the Complaint.

53. Paragraph 53 alleges legal conclusions to which no response is required, but to the extent a response is required, Travelers denies the averments in Paragraph 53.

54. Travelers denies that Paragraph 54 accurately states portions of Section 541.061 of the Texas Insurance Code. (Travelers notes that Paragraph 54 accurately states portions of Section 541.060 of the Texas Insurance Code.) Travelers denies all remaining averments in Paragraph 54.

55. Travelers denies all averments in Paragraph 55.

**COUNT FOUR: ATTORNEYS' FEES**

56. Travelers incorporates and realleges in full its answers and objections to Paragraphs 1 through 55 of the Complaint.

57. Paragraph 57 alleges legal conclusions to which no response is required, but to the extent a response is required, Travelers denies the averments in Paragraph 57.

## VI.

## JURY DEMAND

58. Travelers admits that Plaintiffs have made a jury demand, but denies that factual issues exist for a jury to consider.

## VII.

## PRAYER

WHEREFORE, Defendant Travelers Casualty and Surety Company of America denies that Plaintiffs are entitled to the relief they seek and respectfully requests this Court to enter a judgment: (1) dismissing Plaintiffs' Complaint with prejudice; (2) denying all relief sought by Plaintiffs' Complaint; (3) awarding Travelers its costs and attorneys' fees; and (4) awarding Travelers such other and further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Coverage is not available for any Loss, including Defense Expenses, pursuant to the terms of the Policy's Broad General Professional Errors and Omissions Exclusion Endorsement.

### THIRD AFFIRMATIVE DEFENSE

There is no coverage under the Policy for payment of Loss, including Defense Expenses, incurred by any Insured if no Claim has been asserted against such Insured.

## FOURTH AFFIRMATIVE DEFENSE

There is no coverage for any Loss, including Defense Expenses, incurred by or on behalf of Edwards, Wright or Piper to the extent they incurred any attorneys' fees and costs in any capacity other than as an Insured Person as that term is defined in the Policy.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Edwards, Wright or Piper are covered under any other insurance policy, coverage under the Policy shall apply only as excess insurance over such other insurance.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

There is no coverage under the Policy pursuant to the Joint Venture Exclusion Endorsement to the extent any Insured acted as a partner in any general or limited partnership, a joint venturer in any joint venture, a managing partner or other administrator of any general or limited partnership or joint venture, or any equivalent position with any partnership or joint venture; or to the extent any Claim is based on, alleges, arises out of or in any way relates to, directly or indirectly, any offering memorandum, partnership agreement, joint venture agreement, registration statement or prospectus for any general or limited partnership or joint venture; or the control, maintenance, performance and/or ownership of any such entity.

WHEREFORE, Travelers denies that Plaintiffs are entitled to the relief they seek and respectfully requests this Court to enter a judgment: (1) dismissing Plaintiffs' Complaint with prejudice; (2) denying all relief sought by Plaintiffs' Complaint; (3) awarding Travelers its costs and attorneys' fees; and (4) awarding Travelers such other and further relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ Kelly Tidwell*
Kelly Tidwell
Texas Bar No. 20020580
**PATTON TIDWELL & SCHROEDER, L.L.P.**
4605 Texas Boulevard (75503)
P.O. Box 5398
Texarkana, Texas 75505-5398
Telephone: 903/792-7080
Facsimile : 903/792-8233

**ATTORNEYS FOR DEFENDANT**

OF COUNSEL:

Peter F. Lovato
Michael J. Rosen
**BOUNDAS, SKARZYNSKI, WALSH & BLACK, LLC**
200 East Randolph Drive
Suite 7200
Chicago, IL 60601
Telephone: 312.946.4240
Facsimile : 312.946.4272

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed.R.Civ.P.5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy via facsimile and/or U.S. First Class Mail this 2nd day of February, 2009.

*/s/ Kelly Tidwell*
Kelly Tidwell